GUILLERMO J. GODREAU PHILEMON, Plaintiff and Appellant, *v.* GODREAU AND Co., *S. en C.,* Defendant and Appellee.

No. 8961. Argued December 7, 1944.—Decided December 20, 1944.

*Erasto Arjona Siaca* for appellant. *María Melaine Godreau* and *Leopoldo Tormes García* for appellee.

Mr. Chief Justice Travieso delivered the opinion of the court.

The plaintiff herein, Guillermo J. Godreau Philemon, in his complaint, filed in the District Court of Ponce, prayed for a judgment ordering the defendant partnership to acknowledge him as a general partner thereof and, consequently, to allow him to examine its accounts, books, documents, and vouchers. He further prayed that the defendant be adjudged to pay costs and attorney's fees.

The essential facts alleged in the complaint are as follows:

The defendant is a limited, civil agricultural partnership, engaged in the cultivation of sugar cane. The plaintiff alleges that ever since August 6, 1936, he has been a general partner of Godreau & Company, S. en C., and that his share in the capital and undivided and accumulated profits amount to $82,500, more or less; that in order to investigate certain irregularities which had occurred in the bookkeeping of the defendant partnership and which had given rise to substantial losses in the partnership's finances, the plaintiff, in his capacity as a partner, on several occasions requested from said partnership that he be given an opportunity to examine its accounts, books, and vouchers; that the defendant denied all of plaintiff's friendly requests, giving as its sole excuse the alleged lack of authority and right on the part of the plaintiff to demand and carry out said examination; that the defendant has refused to acknowledge the plaintiff as a general partner thereof, and refuses to acknowledge in his favor the rights belonging to him as such partner, under the law, by not allowing him to attend the meetings of its members or to vote at such meetings, by failing to send him copies of the annual reports, inventories, and balance sheets, and by absolutely disregarding his status as general partner.

The defendant in its answer denies that the plaintiff is a partner in Godreau & Co., S. en C., or that he holds any interest in the capital or profits of said partnership. As new matter it alleges that plaintiff is one of the heirs of Guillermo Godreau Manatou, who was a member of the defendant partnership until he died, on August 17, 1936; and that upon the death of Don Guillermo, his estate (sucesión) became a member of the partnership, but that it must be represented therein by Eugenio Lecompte, according to a resolution adopted at a meeting of the members held on August 6, 1936, and ratified by the heirs, including the plaintiff, on August 21, 1936, all pursuant to the stipulations set forth in the articles of copartnership of the defendant. It is further alleged that the plaintiff has been furnished with all

the reports allowed by the circumstances, and that the defendant has always acted in accordance with the provisions of the articles of copartnership and of the resolutions adopted at the meetings held by the partners.

As special defenses, the defendant alleged:

1. That the complaint did not state facts sufficient to constitute a cause of action.

2. That for over two years prior to the filing of the complaint the plaintiff had been engaged on a salary basis by the defendant and, as such employee, he had personal knowledge of the activities and business of the partnership.

3. That all the information which has been requested by the plaintiff and to which he might be entitled under the articles of copartnership has been furnished to him; and that the examination of the accounts, books, and vouchers in which the plaintiff is interested, is now being made by Juan C. Villariny, a certified public accountant.

Based on a lengthy opinion, the lower court rendered judgment for the defendant and adjudged the plaintiff to pay the costs and $1,000 as attorney's fees.

In support of his appeal herein, the plaintiff-appellant has assigned seven errors claimed to have been committed by the trial court.

Those seven assignments may be condensed into one, embodying the only fundamental question involved in this suit, to wit: Did the lower court err in holding that, although the plaintiff is one of the heirs (*sucesión*) of Guillermo Godreau Manatou, he is not by any means a member of the partnership Godreau & Co., *S. en C.*? In order to answer this question we have carefully examined the evidence, which we summarize thus:

The defendant partnership was constituted on May 9, 1921, by a public instrument, and was composed of Don Julio Godreau Manatou, Don Guillermo Godreau Manatou, his wife Clemencia Philemon de Godreau, and José Godreau as general partners (*socios colectivos*), and José Godreau as

the only special partner (*socio comanditario*). The term of the partnership was fixed at 30 years. In the eighth clause of the articles of copartnership it is provided that a general partner may be removed by a majority vote of the general partners. It is further provided:

"In case of the removal, death, bankruptcy, or insolvency of a general partner, the partnership shall not be dissolved but on the contrary shall continue among the surviving general partners and the special partner; *and the heirs,* executors, administrators, or bankruptcy receivers or trustees of the decedent, bankrupt, or insolvent *shall not become partners, unless it shall be so agreed unanimously by all the general partners.*

"A general partner who has been removed or his heirs . . . and the assignees of a deceased or bankrupt partner shall not be entitled to intervene or participate in the business of the partnership or to demand any liquidation, division, or accounting from the partnership . . . but shall only be entitled to demand from the partnership the payment, without interest, of the amount of the capital contributed by said partner. . ." (Italics ours.)

On August 6, 1936, due to illness on the part of Guillermo Godreau Manatou, managing partner of the defendant partnership, there was held a special meeting which was attended by all the general partners, and at said meeting it was unanimously agreed to appoint Eugenio Lecompte to act as managing partner in place of Guillermo Godreau, the following resolution being also adopted:

"THIRD: It is now unanimously agreed, further, by the general partners of Godreau & Co., *S. en C.,* that in the event the managing partner of this partnership, Mr. Guillermo Godreau Manatou, unfortunately should die, *his heirs shall become, ipso facto members of this partnership as general partners therein, as provided by the eighth clause of the articles of copartnership,* but they shall be represented in the partnership by Don Eugenio Lecompte, who in any event and until the further agreement of the partners, shall continue to hold the office of managing partner of Godreau & Co., *S. en C.,* with the same powers, rights, and obligations which were vested in Don Guillermo Godreau Manatou, as such managing partner, under the above-mentioned articles of copartnership." (Italics ours.)

Guillermo Godreau Manatou, general partner in the defendant partnership, died on August 17, 1936, leaving a will dated June 17, 1929, wherein he appointed or designated as his sole and universal heirs his legitimate children Guillermo —plaintiff herein—and María Melanie, issue of his marriage with Clemencia Philemon Gervais, and his acknowledged natural children named María Maximina, Arístides, and Constancia, born prior to his aforesaid marriage.

On August 21, 1936, the heirs of Guillermo Godreau executed an instrument in which they acknowledged notice of the resolution adopted by the general partners on August 6 of the same year, including the designation of Mr. Lecompte to represent the heirs in the defendant partnership, and ratified the same, granting Mr. Lecompte power and authority to represent them and act as managing partner.

The refusal of the defendant partnership to allow the plaintiff to examine its accounts and books clearly appears from the letter of February 2, 1942, addressed by Mr. Lecompte to the plaintiff, and from a copy of the resolution adopted, on June 29 of the same year, by the general partners of the defendant firm. In said resolution it is stated that "according to clause 8 of our articles of copartnership, Don Guillermo J. Godreau is not a member of our partnership and is not entitled to inspect our account books or any other document of the company." In her testimony at the trial, the widow of Mr. Godreau, upon being asked whether the plaintiff had ever been denied the right to examine the partnership books, answered: "Yes, sir, after he ceased to be an employee, it was denied to him, because it was decided at a meeting of the members, or we all agreed, that they should not be turned over to him." Further on she stated: "But as he demanded all those things in his capacity as a partner, and as we all entertain the belief that he is not a partner in Godreau & Co., he is one of the heirs (sucesión) of Guillermo Godreau, who are not partners, we refused. By turning over to him, as a partner, any document, we

would have admitted something that was against our way of thinking—a confession that he was a partner." Mr. Lecompte testified to a like effect, adding: "In the capacity claimed by him, as a partner, he was not entitled to that; but he could, through the estate (*sucesión*) of Guillermo Godreau Manatou, obtain any information, report, record, document, or explanation that was possible."

A careful examination of the documentary evidence leads us to the unavoidable conclusion that the lower court manifestly erred in holding that the plaintiff is not entitled to examine the account books of the defendant partnership. According to the eighth clause of the articles of copartnership, *supra*, the death of Guillermo Godreau Manatou did not cause the dissolution of the partnership, which continued in full force and effect among the surviving general partners and the special partner. What could or should be done by the partnership regarding the interest therein which belonged to the deceased partner and which passed to his heirs by virtue of his will? Said heirs, of course, had no right to demand that they be allowed to continue in the partnership as general partners thereof; but they would have the right, granted to them by § 1595 of the Civil Code, to demand a liquidation of their ancestor's share in the partnership and to be paid any resulting balance in their favor. The surviving general partners had no right to demand that the heirs of the deceased partner continue in the partnership as general partners. The articles of copartnership contain the necessary provisions to meet that situation. The eighth clause thereof provides that the heirs of the deceased partner shall not become partners "unless it is so agreed unanimously by all the general partners." Acting in pursuant of that provision, on August 6, 1936, all the general partners of Godreau & Co., *S. en C.*, including Guillermo Godreau Manatou, unanimously decided that upon the death of Don Guillermo "his heirs shall become, *ipso facto*, members of this partnership as general partners thereof." That unanimous

resolution of the general partners not being sufficient to compel the heirs of the deceased partner to continue in the partnership, said heirs, on August 21, 1936, accepted and ratified the resolution thus adopted by the general partners, including the designation of Mr. Lecompte to act as managing partner and to represent the heirs in the management of the partnership.

The language used in the resolution of August 6, 1936 —"his heirs shall become, *ipso facto,* members of this partnership as general partners"—is so clear that it requires no judicial construction in order to ascertain its meaning. The signers of said resolution did not state that upon the death of Don Guillermo his estate (*sucesión*), as a legal entity, would become a general partner, and even if they had said it the legal effect would be the same since a decedent's estate (*sucesión*) has no legal capacity to contract or to sue and be sued. Succession is but the legal means whereby the property of a decedent is transferred or transmitted to the person who succeeds him. Sections 599 to 610 of the Civil Code. All contracts made and all actions brought subsequent to the death of a general partner must be made or brought by and in the name of his heirs individually, since it is they, the heirs, who succeed to all the rights and obligations of the decedent by the mere fact of his death.

The legal effect of the eighth clause of the articles of copartnership, taken in connection with the resolution adopted on August 6, 1936, by the general partners, and the acceptance and ratification of the same by the heirs, was to convert each one of the heirs of Guillermo Godreau Manatou into a general partner in the defendant partnership, with all the rights pertaining to that status.

With the evident purpose of avoiding the intervention of each and all of the heirs, as general partners, in the management and conduct of the business of the partnership, it was provided in the resolution of August 6, 1936, and was so accepted by the new general partners, that Eugenio Lecompte

would act as the representative of the new members of the partnership and that he would succeed to the office of managing partner, with the same powers granted by the articles of copartnership to the original managing partner, Guillermo Godreau Manatou.

Neither the designation of Mr. Lecompte as representative of the new general partners in the defendant firm, of which he is not a member, nor his appointment to the office of managing partner, can in any way imply a waiver on the part of the new partners of the right which each of them has to demand an account of the management of their share in the firm's capital and in the profits yielded or losses sustained by it. Nor can it be maintained that by the mere fact of their having appointed Mr. Lecompte as their representative in the management of the partnership business, the new general partners waived the right, granted to them by § 110 of the Code of Commerce to examine the condition of the administration and of the bookkeeping and to make the objections that they might consider beneficial to the common interest. Mr. Lecompte, as agent of the new general partners and as manager or administrator of the business of the partnership, is bound to render to his principals, the partners, an account of his administration, to furnish them with any information that may be reasonably asked by them, and to allow them to examine the accounts, books, and vouchers of the partnership, provided such examination is made in a manner that does not at all interfere with the business of the firm.

The defendant is a civil agricultural partnership; but having adopted the form of a limited partnership (*comandita*), which is commercial in character and one of the forms recognized by the Code of Commerce, the provisions of said code are applicable thereto, in accordance with § 1561 of the Civil Code, 1930 ed. Section 110 of the Code of Commerce, which is fully applicable to the case at bar, provides:

"Section 110. In general copartnerships all the partners, be they managing partners or not, have a right to examine the condition of the administration and of the bookkeeping and to make the objections which they may consider proper, in accordance with the agreements contained in the articles of copartnership or in the general provisions of law."

Section 125 of the same code provides that the general partners in a limited partnership shall "have the same rights and obligations which are prescribed in the foregoing Sections for partners in general copartnership," among which Sections is included § 110, *supra*. See Echavarri, *Comentarios al Código de Comercio,* vol. 2, pp. 230–31.

The American decisions recognize the right which every stockholder in a corporation has to know how the affairs of the corporation are conducted and whether the capital of which he has contributed a share is being prudently and profitably employed. In order to obtain this information he has a right, at proper and opportune times, to inspect all the books and records of the corporation. It is not a sufficient ground for denying such an inspection that the same will cause inconvenience to the company, or that the stockholder is unfriendly towards the corporate officers, or that the company is willing to furnish him with extracts or copies from its books or to have them inspected by an expert selected by both parties. The right of the stockholders to inspect the books is based on the fact that they are the real owners of the corporate books, the persons in charge of the latter being merely the agents of the stockholders. In so far as the facts of the present case are concerned, the relation existing between a stockholder and his corporation, is similar to that existing between a partner and the partnership of which he is a member. 13 Am. Jur. 480–82, see *Usera* v. *Bird,* 42 P.R.R. 788.

Since it appears from the evidence examined by us that the purpose of the inspection requested is to verify the existence or nonexistence of the irregularities which were men-

tioned at the trial of the case, we think that the lower court erred in rendering judgment dismissing the complaint.

For the reasons stated, the judgment appealed from should be reversed and another rendered instead sustaining the complaint as to the acknowledgment of the plaintiff as a general partner in the defendant partnership; ordering said partnership, its members, managers, agents, and employees to allow the defendant to examine the accounts, books, documents, and vouchers of Godreau & Company, S. en C., on such working days and hours as it shall set for this purpose; and adjudging the defendant partnership to pay the costs, including the sum of $400 as fees of plaintiff's attorney.